**IN THE UNITED STATES BANKRUPTCY COURT FOR
THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| IN RE: | |
| | CASE NO. 12-02042 (MCF) |
| JULIO ENRIQUE GIL DE LA MADRID PEREZ | Chapter 13 |
| **Debtor** | |

## OPINION AND ORDER

This case is before the Court on the following motions:  motion to file a claim after claims bar date filed by Bowles Custom Pools & Spa (Hereinafter "Bowles") on Docket No. 37 and debtor's objection to claim number 8 filed by Bowles on Docket No. 41.  For the reasons stated below, the Court denies the debtor's objection to claim number 8.

### I. PROCEDURAL HISTORY

The debtor filed a bankruptcy petition under Chapter 13 on March 20, 2012 (Docket No. 1) and the bar date to file unsecured claims was set at July 19, 2012 (Docket No. 3).  Subsequently, on June 13, 2012, the Chapter 13 Trustee's motion to dismiss (Docket No. 9) was granted and the case was dismissed (Docket No. 26). The debtor filed a reconsideration of dismissal (Docket No. 28) on June 28, 2012 which was granted by the Court and the case was re-opened on August 1, 2012 (Docket No. 33).  In other words, the case was dismissed for forty nine days.

On August 7, 2014, Bowles filed a motion requesting authorization to file an untimely unsecured claim alleging that the dismissal of the case led it to believe that it was unnecessary to file its proof of claim.  It relied on the Court's dismissal of the case and due "to the legal holidays", it did not further review the court docket until August 6, 2012.

1

## II. LEGAL ANALYSIS AND DISCUSSION

The Issue before the Court is as follows: How should the dismissal, and then reinstatement, of a Chapter 13 case impact the proof of claim bar date, when the bar date expires during the period after dismissal and prior to reinstatement, and the court does not otherwise specifically extend the bar date after the reopening of the case?

A proof of claim which is filed under 11 U.S.C. § 501 is deemed allowed unless a party in interest objects. The time for filing a claim, or the bar date, is governed by Fed. R. Bankr. P. 3002(c) which states that in a Chapter 13 case, a proof of claim is timely filed if it is not filed later than 90 days after the first date set for the meeting of creditors under section 11U.S.C. § 341(a) of the Bankruptcy Code.

Certain untimely filed proof of claims are excepted from the bar date, but these are limited to the six exceptions listed in Fed. R. Bankr. P. 3002(c)(1)-(6). After reviewing the six exceptions, the court finds that the facts of the instant case do not fall within any of these six exceptions. In addition, Fed. R. Bankr. P. 9006(b)(3) limits the court's jurisdiction to enlarge the time for taking action under Rule 3002(c) to the extent and only under the conditions stated by this particular rule.

However, in spite of the strict parameters of the Bankruptcy Rules that unambiguously preclude any equitable discretion on the part of the bankruptcy court to extend or toll the deadlines set forth, this Court adopted the decision reached in In re Gulley, 400 B.R. 529 (Bankr. N.D.Tex. 2009) in **In re Santos**, 2012 Bankr. LEXIS 2005 (Bankr. D.P.R. May 3, 2012). The court in Gulley determined that in cases where there has been extenuating circumstances of disruption of a case, for example, a dismissal of the case and a proof of claim deadline that elapses before reinstatement of the case, the bankruptcy courts have the power to nullify the original bar date and recalculate them. "To hold otherwise offends notions of due process, but also invites mischief... Th[e] court can envision scenarios in which crafty debtors may allow their cases to be dismissed on technical grounds (like

2

failure to file paperwork), allow the proof of claim deadline to pass, and then seek to reinstate the case and hold a creditor to the deadline that ran while the case was a non-case." Id. at 538.

In conclusion, under our particular set of facts, the Court determines that in all fairness to the bankruptcy process the bar date is recalculated to September 6, 2012. At the time of dismissal, fifty four days of the ninety day period of the bar date, had elapsed. Therefore, upon the reinstatement of the case, it follows that unsecured creditors have thirty six days to file their proof of claims, for a total of ninety days, as was originally established.

### **ORDER**

As such, the Court finds that the proof of claim number 8 filed by Bowles on August 7, 2012, was timely filed and allowed as a general unsecured claim. Consequently, the debtor's objection to claim number 8 (Docket No. 41) filed by Bowles Pools & Spa is denied.

SO ORDERED.

San Juan, Puerto Rico, this 25th day of February 2014.

BY THE COURT:

MILDRED CABAN FLORES
U.S. Bankruptcy Judge

3