**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO**

IN RE:

JULIO ENRIQUE GIL DE LAMADRID PEREZ

    Debtor

CASE NO. 12-2042 (MCF)

CHAPTER 13

**<u>OPINION AND ORDER</u>**

Bowles Custom Pools & Spa, Inc. ("Bowles") moved for conversion to chapter 7 of the instant chapter 13 case. (Docket No. 331.) The Municipal Revenue Collection Center ("CRIM") joined (Docket No. 341).  Julio Enrique Gil de Lamadrid Perez ("Debtor") initially opposed the conversion then moved for voluntary dismissal, pursuant to 11 U.S.C. § 1307(b).[1]

Debtor argues that when a debtor in a chapter 13 case moves for voluntary dismissal under Section 1307(b) of the Bankruptcy Code, he may exercise this option, as of right, and the case must be terminated.  Bowles and CRIM timely opposed Debtor's voluntary dismissal. Bowles contends that Debtor's voluntary dismissal should be denied on three grounds: (1) that its motion to convert was pending resolution before the Debtor filed his voluntary dismissal; (2) that Debtor's bad faith and abuse of the bankruptcy process warrants a conversion to chapter 7; and (3) that conversion is in the best interest of creditors.  CRIM joined Bowles' opposition for the same reasons.

A hearing was held to consider Bowles' motion to convert to chapter 7 and the Court noted that Debtor, who was absent at the hearing, as well as his counsel, had filed a motion for

---

[1] Unless expressly stated otherwise, all references to "Bankruptcy Code" or to specific statutory sections shall be to the Bankruptcy Reform Act of 1978, as amended, 11 U.S.C. §§ 101, et seq. All references to "Rule or Rules" are to the Federal Rules of Civil Procedure.  References to "Bankruptcy Rule" are to the Federal Rules of Bankruptcy Procedure.

-1-

voluntary dismissal two days before the hearing date. As stated at the hearing, absent First Circuit guidance on this issue, the Court is struggling with a debtor's absolute right to dismiss his case when there are allegations of bad faith or when there is a pending motion to convert to chapter 7.

Upon review of Sections 1307(b), 1307(c), 349, 109(g) and 105 of the Bankruptcy Code, as well as case law within the First Circuit,  such as In re Gaudet, 95 B.R. 4 (Bankr. D.R.I. 1989) and In re Howard, 179 B.R. 7 (Bankr. D.N.H. 1995), we find that the plain language of the statute governs here.

Section 1307 (b) reads "[o]n request of the debtor at any time, if the case has not been converted under section 706, 1112, or 1208 of this title, the court shall dismiss a case under this chapter.  Any waiver of the right to dismiss under this subsection is unenforceable." 11 U.S.C. § 1307 (b).  The statute clearly states that dismissal may be "at any time" and that the court "shall" dismiss the case upon the debtor's request.  Collier on Bankruptcy supports a debtor's absolute right to a dismissal at any time.

> In a case originally commenced under chapter 13, as distinguished from a case converted to chapter 13 from chapter 7, chapter 11 or chapter 12, the debtor is entitled, as a matter of right, to obtain a dismissal of the chapter 13 case at any time. In keeping with the congressional intent that chapter 13 be completely voluntary, the right to a dismissal of the chapter 13 case cannot be waived by the debtor. Nor may it be denied or delayed by the court, even where other parties oppose the dismissal or seek to have the court convert the case to another chapter, since to do so would force a debtor to remain in chapter 13 involuntarily. Although some courts have held to the contrary and granted motions to convert a case notwithstanding a debtor's motion to dismiss in cases in which the court has found abuse, such decisions contradict the plain language of the statute, as well as its purpose. Many of these decisions have relied upon the Supreme Court's decision in

Marrama v. Citizens Bank of Massachusetts,[2] in which the court held that a debtor did not have an absolute right to convert from chapter 7 to chapter 13 under section 706(a). However, a key underpinning of the Marrama decision was that, under section 706(d), a debtor could only convert to a chapter for which the debtor would be eligible, and a debtor who files a chapter 13 case in bad faith would not be eligible for relief because the case would be subject to dismissal. The reasoning of these decisions has also been significantly undercut by the Supreme Court's subsequent decision in Law v. Siegel,[3] in which the Court retreated somewhat from the Marrama decision's language about bad faith and held that section 105 cannot be used to override the express language of the Code.

In contrast, section 1307(b) contains no such limitation. It serves the critical purpose of ensuring that chapter 13 remains a voluntary proceeding, and that a debtor who initially files a chapter 13 case cannot be forced to remain in bankruptcy if the debtor chooses not to continue the case. If creditors want the debtor to be in a bankruptcy case after the debtor moves for dismissal of a chapter 13 case, they should be required to file an involuntary petition against the debtor, but the court should not order relief unless the requirements of section 303 are satisfied.

8-1307 Collier on Bankruptcy ¶ 1307.03 (Alan N. Resnick & Henry J. Sommer eds., (16th ed. 2017).

Section 1307(c) allows the court to convert the case to one under chapter 7 upon request of a party in interest or the United States Trustee after notice and a hearing.  The court may convert or dismiss the case for cause, whichever is in the best interest of the creditors and the estate.  The section lists several examples of what may be cause to either convert or dismiss a chapter 13 case, but there is no mention that a request to convert or dismiss under this section, modifies a debtor's absolute right to dismiss the case at any time.

---

[2] Marrama v. Citizens Bank of Massachusetts, 549 U.S. 365, 127 S. Ct. 1105, 166 L. Ed. 2d 956 (2007).
[3] Law v. Siegel, 134 S. Ct. 1188, 188 L. Ed. 2d 146, 71 C.B.C.2d 1 (2014).

Section 349(a) states "[u]nless the court, for cause, orders otherwise, the dismissal of a case under this title does not bar the discharge, in a later case under this title, of debts that were dischargeable in the case dismissed; nor does the dismissal of a case under this title prejudice the debtor with regard to the filing of a subsequent petition under this title, except as provided in section 109(g) of this title." Pursuant to this section, a debtor is not barred from re-filing another bankruptcy case unless one of the two conditions listed in Section 109(g) are applicable; namely, dismissal because of failure to obey court orders or to properly appear and prosecute the case, or a voluntary dismissal following a request for relief from the automatic stay under Section 362. These two circumstances, which lead to a 180 day bar to re-file, are not present in the instant case, nor has any party in interest requested that the Court enjoin the filing of another petition. Therefore, although the Court might have been inclined to consider whether conditions should be attached to the dismissal because of allegations of bad faith and abuse of process, we are not faced with any such request in this case.

Some courts such as In re Gaudet, 95 B.R. 4 (Bankr. D.R.I. 1989), rely on the inherent power of bankruptcy courts to guard against abuse and manipulation of the process. Even though sensitive to bad faith allegations in this case, we decline to exercise our inherent powers under Section 105 of the Bankruptcy Code in contradiction to the plain language of Section 1307(b), which mandates absolute dismissal.

The Court in In re Howard, 179 B.R. 7 (Bankr. D.N.H. 1995), used a different approach in order to restrict a debtor's right to dismiss amid allegations of bad faith and a contemporaneously pending motion to convert to chapter 7.  It reasoned that "to provide the debtor with the right to dismiss under § 1307(b) at any time under any circumstance would effectively nullify the involuntary conversion provisions of § 1307(c). Instead, the two sections should be interpreted in pari materia leading to the conclusion that the conversion provision of

§ 1307(c) places a limitation on the debtor's otherwise consummate right to dismissal under § 1307(b)." [4] We also decline to adopt this interpretation since we find nothing in Section 1307(c) that, in effect, modifies the clear language of Section 1307(b). Furthermore, Collier on Bankruptcy indicates that the inverse actually applies; in other words, Section 1307(c) is subject to 1307(b). "…[A]lthough not specifically mentioned in section 1307(c), the court may not convert a case originally commenced under chapter 13 to chapter 7 pursuant to section 1307(c) if the debtor has requested dismissal of the chapter 13 case under section 1307(b)."[5] Since the mandatory language of 1307(b) takes precedence over the permissive language of Section 1307(c), the court has the discretion to dismiss or convert the case, but only in cases in which dismissal is not a matter of right.

In conclusion, Debtor has the absolute right to dismiss his case pursuant to Section 1307(b) of the Bankruptcy Cod and as such, his motion requesting voluntary dismissal (Docket No. 337) is granted and the motion to convert filed by Bowles is denied.

WHEREFORE, IT IS ORDERED that the present case is hereby DISMISSED.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 24 day of April, 2017.

_____
MILDRED CABÁN FLORES
United States Bankruptcy Judge

---

[4] Howard, 179 B.R. 7 at 9.
[5] 8-1307 Collier on Bankruptcy ¶ 1307.04 (Alan N. Resnick & Henry J. Sommer eds., 16th ed. 2017).